* * * * * * * * * * *
The undersigned have reviewed the prior Order based upon the record of the proceedings before Deputy Commissioner Donovan and the briefs of the parties. The appealing party has not shown good ground to reconsider the evidence, receive further evidence, rehear the parties or their representatives, and having reviewed the competent evidence of record, the Full Commission affirms the Order of Deputy Commissioner Donovan.
 * * * * * * * * * * *
Based upon all of the competent evidence of record and reasonable inferences flowing therefrom, the Full Commission makes the following:
 FINDINGS OF FACT
1. Plaintiff's claim is for an injury which occurred on December 17, 1984.
2. Plaintiff was paid compensation for her injury and was released at maximum medical improvement without restrictions on August 8, 1985.
3. Plaintiff's last receipt of compensation pursuant to this claim was in September 1985.
4. On February 16, 1988, plaintiff filed a Form 33 alleging a change of condition in *Page 2 
this case. On January 12, 1990, the claim was dismissed with prejudice by former Deputy Commissioner Lawrence Shupping for failure to file the claim within the statutory time period allowed.
5. By Order of the Full Commission dated October 11, 1990, plaintiff's appeal from the January 12, 1990 dismissal was dismissed for failure to file a Form 44. Plaintiff did not filed an appeal to the Court of Appeals.
6. On September 23, 2003, plaintiff filed another Form 33 in this case.
7. On April 26, 2004, the late Deputy Commissioner Nancy Gregory dismissed plaintiff's claim with prejudice based again on grounds of a statute of limitations violation and the numerous previous opinions filed in this case.
8. On May 4, 2004, Deputy Commissioner Gregory denied plaintiff's motion for reconsideration of the April 26, 2004 dismissal with prejudice.
9. On November 23, 2004, following their review of plaintiff's appeal from the two Orders of Deputy Commissioner Gregory, the Full Commission entered an Order affirming the Orders of Deputy Commissioner Gregory and barring plaintiff from any additional benefits in this case. Plaintiff did not file an appeal to the Court of Appeals.
10. On July 25, 2007, plaintiff filed another Form 33 in this case in which she alleges that she is due additional compensation in this case.
 * * * * * * * * * * *
Based upon the foregoing stipulations and findings of fact, the Full Commission reaches the following: *Page 3 
 CONCLUSION OF LAW
1. The North Carolina Workers' Compensation Act provides time deadline for parties to appeal an award of the Full Commission. Rules 613, 701, and 702 of the Industrial Commission Workers' Compensation Rules. The parties have 30 days to appeal a decision of the Full Commission to the Court of Appeals. Id. If a matter is not appealed in due time, an award of the Industrial Commission shall be conclusive and binding on all parties. Id. Since plaintiff did not appeal the Full Commission's 1990 or 2004 decisions within 30 days, the dismissals with prejudice of plaintiff's claims are binding. Id.
 * * * * * * * * * * *
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 ORDER
1. Plaintiff's claim must be and is hereby DISMISSED WITH PREJUDICE.
2. Plaintiff is expressly prohibited from ever filing another Form 33, Form 18, or any other request related to I.C. No. 533390.
3. Each party shall bear its own costs.
This the 12th day of March, 2008.
 S/___________________
 DIANNE C. SELLERS
 COMMISSIONER
 CONCURRING: *Page 4 
 S/___________________ DANNY LEE McDONALD COMMISSIONER
 S/___________________ CHRISTOPHER SCOTT COMMISSIONER *Page 1